## BENDIX AVIATION CORPORATION v. OOMS, Commissioner of Patents.

### No. 8790.

United States Court of Appeals District of Columbia.

Argued Oct. 23, 1945.

Decided Jan. 14, 1946.

Mr. Dale A. Bauer, of New York City, pro hac vice, by special leave of Court, with whom Messrs. Loyd H. Sutton and John L. Seymour, both of Washington, D.C., were on the brief, for appellant.

Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., for appellee.

Before ALBERT LEE STEPHENS, *Circuit Judge sitting by designation, and* CLARK and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

Jakob R. Frei filed in the United States Patent Office an application for a patent covering an ignition distributor for aircraft engines. In his design, the casing of the distributor is divided into two chambers, the upper chamber housing the cables and the lower containing the rotating mechan-

ism. Frei's drawing and specification show the upper chamber filled with a suitable insulating material, preferably a pliable solid.

Later, the Patent Office issued to one Scott a patent for a distributor for internal combustion engines. The casing for Scott's distributor also is divided into two chambers, one for the distributing cables and one for the distributor mechanism. Unlike the Frei casing, the upper chamber of Scott's is not filled with insulating material; and the partition which separates the two chambers is designed to be tight enough to prevent corrosive gases generated in the lower chamber from entering the upper. Scott's claim 18, which was allowed, is as follows:

"18. In a high tension magneto-electric machine, the combination comprising a casing member adapted to be divided into a chamber for housing supply and distributing cables and a second chamber for housing a rotary distributing member, and a partition in said casing member adapted to prevent access of gases from the second chamber to the first, said partition including terminal mountings whereby the ends of cables housed in the first chamber may be brought into conducting relation with said rotary distributing member in the second chamber."

Conceiving that the partition in his distributor casing is adapted inherently to the function of preventing the entrance into the upper chamber of corrosive gases from the lower, Frei copied for interference purposes Scott's claim 18 and presented it as his claims 19 and 20. These claims were rejected by the examiner and the Board of Appeals of the Patent Office. Thereupon, the appellant, Bendix Aviation Corporation, which holds the rights of Frei by assignment, filed its complaint in the District Court of the United States for the District of Columbia to obtain the issuance of a patent on Frei's application and the allowance of his claims 18, 19 and 20.

After a hearing, the District Court dismissed the complaint and this appeal followed. It relates only to Frei's claims 19 and 20, one of which is identical to Scott's claim 18 and the other substantially similar.

The entire controversy is over the following language in the claims:

"* * * a partition in said casing member adapted to prevent access of gases from the second chamber to the first."

Scott's partition intentionally was designed to be, and is described as being, adapted to prevent the passage of gases from one chamber to another. It is disclosed as a gas-tight partition. The appellant argues that the Frei partition is adapted, because of the nature of its construction, to the prevention of the access of gas from the lower to the upper chamber, regardless of the fact that the feature was not claimed originally.

The District Court found that the adaptation of the partition in Frei's casing to the prevention of the passage of gas to the upper chamber does not inhere in Frei's device, and so dismissed the complaint. The same decision had been reached by the examiner and the administrative appellate body.

It is true, as the appellant argues, that under a thoroughly established principle of patent law, an applicant has the right to make claims to cover every use to which his invention may be put, although some uses are not specifically stated and were unknown to the inventor at the time he applied for the patent. But, when an inventor copies for interference purposes a claim of the patent of another, he must be able to demonstrate clearly that the invention disclosed in the claim was covered by the disclosure in his application.[1]

The appellant's witness constructed a model of the Frei distributor which, when tested for more than a month, showed practically no leakage. During the test, however, the model was kept in the office of the witness and was not subjected to the variations of pressure and temperature and to the vibration which would be encountered in actual operation. The District Court found that "the claims at bar call for a partition in the casing for preventing access of fluid from one chamber into another * *" and that "the Frei application does not disclose any such concept and does not support the claims at bar." This finding, primarily concerned with Frei's claim 18, which dealt with fluid and is not before us, is significant also as to his claims 19 and 20 concerning the prevention of the access of gas. The lower court's holding was that the Frei claims contained new material in that origi-

---

[1] Steenstrup v. Morton, 58 App.D.C. 343, 30 F.2d 867; Hansgirg v. Kemmer, 102 F. 2d 212, 26 C.C.P.A.,Patents, 937.

nally Frei did not contemplate that his partition should be gas-tight. Moreover, his device as disclosed does not require that the partition between the chambers be air-tight, and his initial assertion that one of the functions of the insulating material is to prevent moisture from entering or accumulating in the upper chamber tends to show that the adaptation of the partition as a seal against entry of gas does not inhere in the structure of Frei's casing.

We are not prepared to say that the District Court's finding was clearly erroneous; on the other hand, it seems to us to have a substantial basis in the evidence, and we think the judgment is correct.

Affirmed.